IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO MAGANA, ) | No. CR-F-06-158 OWW |
| ) | (No. CV-F-08-1393 OWW) |
| ) | |
| ) | MEMORANDUM DECISION AND |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION TO VACATE, SET ASIDE |
| vs. ) | OR CORRECT SENTENCE PURSUANT |
| ) | TO 28 U.S.C. § 2255 AND |
| ) | DIRECTING CLERK OF COURT TO |
| UNITED STATES OF AMERICA, ) | ENTER JUDGMENT FOR |
| ) | RESPONDENT |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

On September 12, 2008, Petitioner Juan Romero Magana timely filed pursuant to the "mailbox rule" a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**A.   Background**.

Petitioner was charged by Superseding Indictment with conspiring to manufacture and distribute marijuana (Count One) and conspiring to distribute and possess with intent to distribute controlled substances (Count Two).  Petitioner pleaded guilty to both counts pursuant to a written Plea Agreement signed

1

by Petitioner, his attorney Glenn LoStracco, and AUSA Servatius. (Doc. 100).  The Plea Agreement provided:

> **2. <u>Agreements by the Defendant</u>**.
>
> ...
>
> (c) The defendant agrees and stipulates to request a sentence of not less that 120 months.  The defendant will not move for a downward departure or reduction of his sentence beyond that agreed to by the government under the terms of this written plea agreement.  The defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history, criminal history points, as defined by the United States Sentencing Guidelines.  The defendant further agrees that he will provide no information to the Court which would justify a downward departure, nor make no written or oral address to the Court which would suggest to the Court that it is not bound by the plea agreement.  When addressing the Court, the defendant will support and request a sentence of at least 120 months.
>
> ...
>
> (e) The defendant understands and agrees that the Court is not a party to this agreement, that sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement.  If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement.  The defendant understands that neither the prosecutor, defense counsel, nor

the Court can make a binding prediction or promise regarding the sentence he will receive.

(f) If the defendant's conviction on any of the counts to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, or if the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice.  Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. The government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options will be solely within the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objection based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or

administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(c)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed.  By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

(g) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is within the statutory maximum for the crime on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

...

3.  **Agreements by the Government**.

(a) The government will recommend that the defendant receive a three-level reduction in the computation of his offense level due to his acceptance of responsibility, provided that the defendant qualifies for such a reduction in his interview with the probation officer.

(b) The government will recommend that the defendant be sentenced at the bottom of the applicable guideline range, or 120 months, whichever is greater.

(c) The government agrees that the

>        defendant is not entitled to a role
>        enhancement and that the firearms seized at
>        the time of his arrest should not be used to
>        enhance his offense level.

The Plea Agreement set forth the crimes charged against Petitioner, the elements of those crime, and the factual basis to which Petitioner was pleading.  The Plea Agreement set forth the maximum potential sentence Petitioner faced on each count, including that each count provided a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment.  The Plea Agreement provided:

>    8.   <u>Entire Agreement</u>.
>
>    The defendant and his attorney acknowledge
>    that no threats, promises or representations
>    have been made, nor agreement reached, other
>    than those set forth in this Agreement, to
>    induce defendant to plead guilty.
>
>    9.   <u>Court not a Party</u>.
>
>    It is understood by the parties that the
>    sentencing Court is neither a party to nor
>    bound by this agreement and the sentencing
>    judge is free to impose the maximum penalties
>    as set forth in paragraph 5 above.  Also,
>    should the court fail to follow any or all fo
>    the government's sentencing recommendations,
>    the defendant will not be allowed to withdraw
>    his plea.

Petitioner was sentenced on September 10, 2007 to 120 months incarceration concurrent and a 60 month supervised release term with a recommendation that Petitioner participate in the 500 hour Bureau of Prisons Substance Abuse Treatment Program.  (Docs. 136-137).  Petitioner did not file an appeal.

    B.   <u>Grounds for Relief</u>.

1    Petitioner requests that the Court "reduce his sentence to
2 the SIX-years, as proposed by attorney LoStracco."
3    In support of this motion, Petitioner asserts:

>    2.   The grounds for petitioner's present motion to vacate his sentence are that attorney LoStracco at the time of presenting the Plea Agreement through his translator, Ms. Olivia Montano, informed me <u>that he had just spoken with the judge</u>. Further stating that the judge had informed him that 'you are going to receive a SIX-years sentence, including a reduction of ONE-year by taking the 500 hour Drug Program offered by the Federal Bureau of Prison, plus the Good Time.' And that this petitioner would be spending 'just THREE-and-ONE-half years under federal custody.'
>
>    3.   This petitioner did NOT hold on his hands the aforementioned Plea Agreement when presented to him.  Attorney LoStracco simply related the aforesaid as translated to him by his secretary/translator, Ms. Olivia Montano.
>
>    4.   Attorney LoStracco additionally informed me that during sentencing, that I was to simply 'remain silent' and 'not to speak to the judge because he had <u>everything</u> under control with the judge.'
>
>    5.   Mr. LoStracco lastly informed me that the Probation Officer was about to show up any moment and not to forget that I was NOT to speak to her at all, or to her Spanish-speaking translator.  That everythig [sic] was all taken care-of [sic], eventhough [sic] I had informed Mr. LoStracco that I thought that I should relate events to her!
>
>    6.   When the (female) Probation Officer walked in to meet me, in the presence of Mr. LoStracco and Ms. Montano; her (female) translator introduced herself and the Probation Officer.  The P.O.'s translator asked me if I wanted to answer questions, and began asking questions.  At that moment Mr. LoStracco, once again informed me that I was NOT to answer <u>any</u> questions.  And finally

6

they left.

7. Once the P.O. and her translator had left Mr. ... LoStracco scolded me for trying to speak to the Probation and to her traslator [sic], and again reminded me to 'keep quiet during sentencing.'

8. I signed the ... Plea Agreement. But it was not until some four weeks ago that the Case Manager, Mr. Marrero of the institution, F.C.I. - Lompoc, who provided me with a copy of the Plea Agreement. Much to my surprise, I noticed that on page 2 of the Plea Agreement had the imposed 120 months sentence which is 'hand-written' and not typed as the rest of this agreement. There are NO initials by the hand written [120 months] sentence from none of the three signators; Mr. LoStracco, AUSA Ms. Kathleen A. Servatius, or mine ....

9. During sentencing, and upon my sentence, the court's translator stated that I had received an ['120-months'] sentence. It was at this time that I tried to speak, but Mr. LoStracco sternly instructed me to be quiet in the presence of the court, further stating to me 'I had already told you that I have everything taken care of.' So I believed that Mr. LoStracco somehow had arranged for the SIX-year sentence above.

10. Thereafter, to this day I never met with Mr. LoStracco nor with his translator, despite several phone calls to him and despite the $20,000.00 paid for his 'representation.' My sister Carmen Romero-Rodriguez spoke with Ms. Montano over the phone (weeks after sentencing) and was informed that 'your brother did receive SIX-years sentence.' And although I and my family requested copies of my documentation in this case, to this date, I have not received any copies.

11. ... This attorney had further failed to properly investigate the charges on the Indictment ... and having told this petitioner that should he (I) not agree to sign the Plea Agreement; this Petitioner may

7

1       end up with a Life-Sentence.

2   C.  **Waiver of Right to File Section 2255 Motion**.

3   A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied*, 508 U.S. 979 (1993). The Ninth Circuit ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).

Here, Petitioner appears to assert that he was denied the effective assistance of counsel in entering into the Plea Agreement and in the decision to plead guilty.

D.  **Ineffective Assistance of Counsel**.

The standards governing an assertion of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). As explained in *United States v. Quintero-Barraza*, 78 F.2d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996):

> According to *Strickland*, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at

> trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....

To prevail on a claim of ineffective assistance of counsel based on the contention that a guilty plea was not knowing and voluntary, the petitioner must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Petitioner has not established ineffective assistance of counsel under these standards.

During Petitioner's change of plea colloquy, Petitioner, who was under oath, stated that the Plea Agreement had been translated from English to Spanish before he signed it; that he had discussed the Plea Agreement with Mr. LoStracco through an interpreter and that he understood the Plea Agreement before he

signed it; and that Petitioner was satisfied with Mr. LoStracco's representation.  The Court reviewed every provision of the Plea Agreement with Petitioner, including the agreement set forth in Paragraph 2(c) of the Plea Agreement that Petitioner stipulated to request a sentence not less than 120 months.  Petitioner was asked if he agreed and he responded affirmatively.  The Court advised Petitioner that the Court was not a party to the Plea Agreement, that sentencing was in the sole discretion of the Court, that Petitioner did not have a right to a specific sentence, and that Petitioner would not be entitled to withdraw his guilty plea if the Court sentenced Petitioner differently from the sentence recommended in the Plea Agreement, if Petitioner disagreed with the sentence.  Petitioner stated that he understood and agreed to those provisions.  The Court also reviewed the maximum punishment Petitioner faced for each count, specifically advising Petitioner that he faced a mandatory minimum of 120 months and a maximum of life imprisonment. Petitioner was asked if he expected to get anything not stated in the Plea Agreement and Petitioner responded negatively.

    Petitioner's assertion that his attorney promised him a six-month sentence is belied by the terms of the Plea Agreement and Petitioner's statements under oath during the change of plea proceedings.  Petitioner's contention that the Plea Agreement is invalid because the term "120" is handwritten over another figure without being initialed by the parties to the Plea Agreement is baseless given Petitioner's admissions under oath during the

change of plea proceedings that he understood and agreed to request a sentence of 120 months and that he understood that he faced a mandatory minimum sentence of ten years (120 months) for the crimes to which he was pleading guilty.

Petitioner asserts that Mr. LoStracco represented to Petitioner that he, Mr. LoStracco, had spoken to the judge at some time about the sentence. The Court's invariable practice is to never discuss prospective sentences with any attorney or party except in the presence of the client on the record. The judge in this case had no discussions with Mr. LoStracco about Petitioner's sentence. The only discussions about sentence was at the Rule 11 entry of plea and sentencing, both of which were in open court on the record. No statement was ever made by the judge about a sentence of six years (72 months).

Petitioner's claim that he was denied the effective assistance of counsel because Mr. LoStracco told him not to answer any questions by the Probation Officer assigned to interview him for sentencing is without merit. Mr. LoStracco's advice was within the range of reasonable professional conduct given the terms of the Plea Agreement, the fact that Petitioner faced a mandatory minimum sentence of 120 months, and the fact that, pursuant to the Plea Agreement, if the Plea Agreement was ever set aside at Petitioner's request, any statements he made to the Probation Officer could be used against him.

Petitioner's claim that he was denied the effective assistance of counsel because Mr. LoStracco told him that if

11

Petitioner did not sign the Plea Agreement, Petitioner faced the possibility of life imprisonment is also baseless.  Mr. LoStracco's advice was correct.

Petitioner's claim Mr. LoStracco failed to investigate the charges against him does not establish ineffective assistance of counsel.  Conclusory allegations unsupported by facts do not suffice to establish entitlement to relief under Section 2255. *See United States v.* Mejia-Mesa, 153 F.3d 925, 929 (9th Cir.1998); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938 (1981).

For the reasons stated:

1.  Petitioner Juan Romero Magana's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2.  The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and against Petitioner.

IT IS SO ORDERED.

Dated:   September 22, 2008          /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE