IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JUAN ROMERO MAGANA,** | ) | No. CV-F-10-2374 OWW |
| | ) | (No. CR-F-06-158 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DISMISSING |
| | ) | PETITIONER'S MOTION TO |
| vs. | ) | VACATE, SET ASIDE OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 |
| | ) | U.S.C. § 2255 FOR LACK OF |
| UNITED STATES OF AMERICA, | ) | JURISDICTION, DENYING |
| | ) | CERTIFICATE OF |
| | ) | APPEALABILITY, AND DIRECTING |
| Respondent. | ) | CLERK OF COURT TO ENTER |
| | ) | JUDGMENT FOR RESPONDENT |
| _____ | ) | |

On December 6, 2010, pursuant to the Mailbox Rule, Petitioner Juan Romero Magana, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts as grounds for relief: (1) the Court violated Rule 32, Federal Rules of Criminal Procedure by failing to make findings of fact concerning Petitioner's objections to the Presentence Investigation Report; and (2) the

1

Court violated the Eighth Amendment to the United States Constitution because Sentencing Guideline factors were given superior consideration to the factors set forth in 18 U.S.C. § 3553(a).

Petitioner filed a Section 2255 motion on September 12, 2008. Petitioner's first Section 2255 motion sought reduction of his sentence from 120 months to 72 months based on ineffective assistance of counsel. Petitioner's first Section 2255 motion was denied by Memorandum Decision and Order filed on September 23, 2008. Judgment for Respondent was entered on September 23, 2008. Petitioner did not appeal the denial of his first Section 2255 motion.

Section 2255(h) provides in pertinent part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new, retroactive rule of constitutional law. Section 2244(b)(3)(A) states: "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Without such a certificate of authorization from the Ninth Circuit, this court lacks jurisdiction to consider the merits of petitioner's claims made in the motion filed on December 6, 2010. *Cooper v. Calderon*, 274 F.3d 1270, 1274-1275 (9th Cir.2001); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

**For the reasons stated:**

**1.  Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED FOR LACK OF JURISDICTION.**

**2.  A certificate of appealability shall not issue; jurists of reason would not find it debatable that the Court is correct in its procedural ruling**

**2.  The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.**

IT IS SO ORDERED.

**Dated:    December 21, 2010                        /s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE